IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BARRY LYNN GIBSON,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | NO. 5:23-CV-00293-MTT-MSH |
| **CORRECT CARE INTEGRATED** : | |
| **HEALTH,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER AND RECOMMENDATION

Plaintiff Barry Lynn Gibson, an inmate currently incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, has filed a *pro se* Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 3). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's Eighth Amendment medical treatment claims shall proceed against Defendants Siska and Coleman. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice** and that any objections he has raised to any non-dispositive order of the Court be overruled.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears Plaintiff is unable to pay the cost

of commencing this action, his application to proceed *in forma pauperis* (ECF No. 3) is hereby **GRANTED**.[1]

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that it appears Plaintiff has currently accrued at least two "strikes" pursuant to 28 U.S.C. § 1915(g), which requires a court to deny leave to proceed *in forma pauperis* status to any prisoner who has filed three or more cases that have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. Even if Plaintiff has had three or more cases dismissed on these grounds, however, his allegations indicate that he may have been in imminent danger of serious physical injury at the time he filed his Complaint, and § 1915(g) would not prohibit him from proceeding *in forma pauperis*.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I. Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a

4

complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.   Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his incarceration at the Riverbend Correctional Facility ("RCF"). According to the Complaint and the documents attached thereto, Plaintiff suffers from Hepatitis C and cataracts, for which he has sought medical treatment at RCF. Compl. 4, 10, ECF No. 1. Plaintiff contends his conditions have worsened due to Defendants' failure to provide Plaintiff with medical attention. *Id.* at 4; *see also* Attach. 2 to Compl. 1, ECF No. 1-2 (explaining that his vision was "cloudy" and that he experienced the same symptoms before a complete loss of vision in his other eye). Plaintiff contends that Defendants' actions and inaction have violated his constitutional rights, and as a result he

primarily seeks injunctive relief, compensatory damages, and punitive damages. Compl. 6, ECF No. 1.

Plaintiff's allegations that Defendants have failed to provide him with medical treatment for his cataracts and Hepatitis C infection give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

Plaintiff's allegations that he suffers from a "worsening" Hepatitis C infection and cataracts that are causing his vision to significantly deteriorate are sufficient to show that Plaintiff has serious medical needs. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009) (holding that a "serious medical need" may exist when "a delay in treating the need worsens the condition"). Plaintiff has further alleged that despite repeated requests for treatment directed to prison physician Dr. Siska and health services administrator Charles Coleman, Plaintiff has not received any treatment at all for either condition. Compl. 5, ECF No. 1; *see also* Attach. 3 to Compl. 1, ECF No. 1-3 (stating Plaintiff requested treatment from Defendants Siska and Coleman "over and over"). Although the factual allegations supporting these claims are relatively sparse, the Court cannot say that

these claims are necessarily frivolous at this early stage. Plaintiff's Eighth Amendment claims against Defendants Siska and Coleman shall therefore proceed for further factual development. *See, e.g., Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (prison official was deliberately indifferent to prisoner's serious medical need when he failed to respond to her complaint that she had been leaking amniotic fluid for more than a week, that her condition had grown worse, and that she needed to see an obstetrician).

Plaintiff has also named Correct Care Integrated Health as a Defendant in this action. A private contractor who operates a prison service, such as Correct Health, cannot be held liable under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Flakes v. Donald*, No. CV507-97, 2008 WL 3925177, at *1 (S.D. Ga. May 15, 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)); and *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)); *see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality). Plaintiff has not alleged that Correct Health maintained any policy or custom that resulted in the denial of Plaintiff's constitutional rights. As such, Plaintiff has failed to state a claim against this Defendant, and any claims against it should be dismissed without prejudice.

The Court also notes that in his Complaint, Plaintiff appears to object to the assignment of District Judge Self or Magistrate Judge Weigle to this case, and he also appears to object generally to the appointment of any magistrate judge to hear this action.

Attach. 4 to Compl. 1, ECF No. 1-4.  Neither Judge Self nor Judge Weigle are assigned to this case, and the district court has statutory authority to delegate non-dispositive pretrial matters to a magistrate judge for determination.  28 U.S.C. § 636(b)(1)(A).  The Court does not require the consent of the parties before assigning these matters to a magistrate judge.  *Id.* at § 636(b)(1)(A) – (C).  As such, Plaintiff's "objections" are without merit, and to the extent they can be construed as objections to any non-dispositive order of the Court, it is **RECOMMENDED** that they be overruled.  Fed. R. Civ. P. 72(a).

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**, and Plaintiff's Eighth Amendment medical treatment claims shall proceed against Defendants Siska and Coleman.  It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice** and that any objections he has raised to any non-dispositive order of the Court be overruled.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that certain of Plaintiff's claims against Defendants Siska and Coleman require further factual development, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that it is expected to diligently defend all allegations made against it and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

11

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 6th day of November, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE