IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BARRY LYNN GIBSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-293 (MTT) |
| | ) |
| **CORRECT CARE INTEGRATED HEALTH,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

Plaintiff Barry Lynn Gibson, an inmate currently incarcerated at the Wheeler Correctional Facility in Alamo, Georgia, filed this *pro se* 42 U.S.C. § 1983 action against Defendants Correct Care Integrated Health, Charles Coleman, and Dr. Siska.  Docs. 1; 6.  This matter is now before the Court on (1) the Report and Recommendation of United States Magistrate Judge Stephen Hyles pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e), and (2) Gibson's motion for a temporary restraining order.  Docs. 7; 12.

First, the Magistrate Judge recommends that only Gibson's Eighth Amendment medical treatment claims proceed against Defendants Siska and Coleman with all other remaining claims to be dismissed without prejudice.[1]  Doc. 7.  Gibson objects, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which he objects, and the remaining portions for clear error.  *See*

---

[1] Gibson's only allegations are that the defendants failed to provide him with medical treatment for his cataracts and Hepatitis C infection while incarcerated at Riverbend Correctional Facility.  Doc. 1.  This sufficiently states claims that the defendants were deliberately indifferent to Gibson's serious medical needs in violation of the Eighth Amendment.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  But Gibson fails to identify any policy or custom necessary for a claim against Correct Care Integrated Health.

Doc. 9.  After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 7) is **ADOPTED** and made the order of the Court.  Accordingly, only Gibson's Eighth Amendment medical treatment claims will proceed against Defendants Siska and Coleman.  All other remaining claims are hereby **DISMISSED** without prejudice.

Second, Gibson's motion for a temporary restraining order seeks to enjoin individuals other than those named as defendants in this case.  Doc. 12.  The Court lacks jurisdiction to issue injunctive relief against a non-party. *See*, *e.g.*, *Faircloth v. Baden*, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party."); *Powell v. Owens,* 2017 WL 3730522 (M.D. Ga. Aug. 29, 2017) (same).  Gibson also fails to comply with the procedural requirements of Fed. R. Civ. P. 65 and seeks relief unrelated to the claims underlying his complaint.  Accordingly, Gibson's motion for a temporary restraining order (Doc. 12) is **DENIED** without prejudice.

**SO ORDERED**, this 6th day of December, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT