# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

BARRY LYNN GIBSON,                       :
                                         :
                Plaintiff,       :
                                         :
             VS.                   :      Case No. 5:23-cv-00293-MTT-MSH
                                         :
CHARLES COLEMAN, *et al.*,               :
                                         :
            Defendants.          :
_____          :

## ORDER

Pending before the Court is Plaintiff's motion for appointment of counsel (ECF No. 39). Plaintiff claims that appointed counsel is necessary because he has limited knowledge and experience in the law, there is no law library where Plaintiff is currently housed, and Defendants have refused to turn over requested discovery. Pl.'s Mot. to Appoint Couns. 1, ECF No. 39.

A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. First, despite Plaintiff's claims of limited knowledge or experience in the law, he adequately presented his claims such that his claims survived frivolity screening, he was granted *in forma pauperis* status, and the Court ordered service on Defendants (ECF No. 7). Second, despite his claim that there is no law library at the location where he is presently housed, Plaintiff has vigorously prosecuted his claims. He has filed an application and motion for default judgment (ECF Nos. 16, 18), an objection to the Court's recommendation (ECF Nos. 7, 9), a motion for a temporary restraining order (ECF No. 12), and a motion for summary judgment (ECF No. 40). Each of these filings is supported, to some extent, by some legal citations and citations to other documents in this case, which undercuts Plaintiff's claim regarding the lack of a law library. Finally, to the extent Plaintiff argues Defendants have not participated in discovery, Plaintiff has filed a motion to compel (ECF No. 33). It is thus apparent to the

Court that Plaintiff—at this time—has the ability to present his case to the Court.

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 39) is **DENIED**.

**SO ORDERED**, this 3rd day of June, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE